STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Town of Richmond, | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Docket No. 102-5-02 Vtec |
| | } | |
| Isaac Cowan, | } | |
| Defendant. | } | |
| | } | |

Decision and Order on Pending Motions and Penalty

This is an enforcement case related to the placement of a retaining wall on the property of Defendant Isaac Cowan. In its Decision and Order of February 13, 2007,[1] the Court resolved the timing and conditions of the order for injunctive relief, but required additional memoranda relating the bills submitted in evidence to the specific components of the parties' arguments relating to the penalty amount. The Town of Richmond is represented by Mark L. Sperry, Esq. and Defendant is represented by John W. O'Donnell, Esq. Intervenors Erica Ell and Edward Gaston are represented by David L. Grayck, Esq., but have not taken an active role in the arguments relating to the penalty phase of this enforcement case.

To assess an appropriate penalty, it is necessary to understand the timeline of all the related litigation. The beginning date for the violation is September 1, 2001, after the expiration of the period to cure the violation given in the August 23, 2001 Notice of

---

[1] The Town moved to correct the date of issuance of the decision found on page 8 of the decision to conform to the actual date of issuance (as stamped on the first page of the decision) of February 13, 2007; that correction has been made.

1

Violation.

The issue of whether there was a violation was concluded by this Court's decision and order of June 9, 2003 (issued in this case, in Docket No. 73-3-02 Vtec, and in a related superior court case, Docket No. S145-03 CnC), slip op. at p. 7:

> In Docket No. 102-5-02 Vtec, the Town requests injunctive relief and a monetary penalty in an enforcement action against Appellant for the construction of the existing retaining wall. Appellant failed to appeal the August 23, 2001 Notice of Violation and therefore cannot contest the violation. If Appellant intends to remove the existing retaining wall when and if the house is built, that may go to the appropriateness or timing of the injunctive relief, but not to the existence of the violation. Appellant's motion for summary judgment must be DENIED and summary judgment GRANTED to the Town on the issue the existence of the violation as to the existing retaining wall.

That decision, as altered by the motion to alter granted at a conference held on July 1, 2003, concluded Docket No. 73-3-02 Vtec. However, the parties proceeded over the summer of 2003 to prepare for a consolidated trial both in this enforcement case and in the related superior court case (regarding approval of the proposed septic system). Although the trial was originally scheduled for October of 2003, the parties informed the Court at a conference held on September 2, 2003 that two new applications were being filed that should be coordinated with these matters, one regarding the installation of rip-rap and the other regarding the placement of the house location on the property. At a follow-up conference on September 29, 2003, the trial was postponed (initially to January of 2004).

The February 13, 2007 order stated that the Court anticipated setting a penalty that would exclude costs accrued during the period from June 9, 2003 through December 13, 2005. However, the Town is correct in its argument that the June 9, 2003 order should not be used as the suspension date for the parties' expenses in the enforcement case. Rather, the parties' work on the motion to alter and on trial preparation continued towards the expected use of the scheduled October 2003 and January 2004 trial dates for the

2

enforcement case. A review of the docket entries in all of the related cases reflects that the remedy and penalty issues in the enforcement case were being prepared for an October 2003 trial through the summer of 2003. At an October 10, 2003 conference they were rescheduled for a January 28, 2004 hearing, so that two new applications filed at the DRB on the installation of rip-rap and the placement of the house could be heard with it.

In December of 2003, Defendant appealed the denial of the house location (Docket No. 222-12-03 Vtec) and initially the parties hoped to include that appeal in the already-scheduled trial. However, also in late 2003 the Town adopted new septic regulations, under which Defendant filed a new application for septic system approval. The parties agreed that if it were granted it would conclude the superior court case, that the January trial date also could not be used, and that trial on the Environmental Court cases should be further postponed, and trial dates were again reserved for May and June of 2004.

On January 14, 2004 Defendant had also applied to the Zoning Administrator (and later appealed to the DRB) for a determination that the actual on-the-ground or surveyed boundary of the flood hazard district was different from that shown on the maps defining the district. Defendant appealed the DRB's March 31, 2004 decision (which had declined to make such a determination) to this Court in Docket No. 60-4-04 Vtec on April 6, 2004. Because both other pending cases (the above-captioned enforcement case and Docket No. 122-12-03 Vtec) depended on the location of the flood hazard district boundary, the parties and the Court agreed that the May and June hearing dates, including any hearing on injunctive relief and the appropriateness or components of a monetary penalty, should be postponed until the resolution of Docket No. 60-4-04 Vtec. The enforcement case was therefore suspended as of April 6, 2004. The period of violation from September 1, 2001 through April 6, 2004 was 948 days.

For the purposes of assessing the parties' costs of preparing evidence for the redetermination proceeding, we must use the date on which the Supreme Court upheld

3

this Court's decision and remanded the matter for the DRB to proceed with the merits of the floodplain redetermination. On the other hand, for the purposes of assessing the total number of days of violation, and the avoided-cost time period during which Defendant avoided having to remove the retaining wall, we must use the date on which the DRB ruled on the merits of that proceeding, that is, on which the DRB first determined that the retaining wall was in the surveyed floodplain (as well as in the mapped floodplain): April 20, 2006.

The DRB's decision was appealed in Docket No. 105-5-06 Vtec. At the August 2, 2006 hearing,[2] Defendant conceded that the entire retaining wall could be treated as being within the flood plain for the purposes of this enforcement action, and Docket No. 105-5-06 Vtec was concluded as withdrawn at the hearing, without the presentation of evidence. The hearing proceeded with the presentation of evidence only on the issue of an appropriate penalty for the violation in the enforcement case, as the Court granted injunctive relief at that hearing and required the parties to file a stipulation as to the methodology involved with the removal of the retaining wall. After the parties filed their memoranda of law and that stipulation, the Court's Decision and Order issued February 13, 2007, imposed the agreed remedial order, but requested further memoranda separating and analyzing the various components of the parties' evidence and arguments as to the appropriate penalty amount, the last of which was filed on March 23, 2007. The period from April 20, 2006 through March 23, 2007, is 337 days, making the total period of violation 1,285 days.

---

[2] Docket No. 222-12-03 Vtec was placed on inactive status at the end of May of 2006 and was dismissed as moot in November of 2006 after a superseding application for construction of the house had been granted and its appeal had been withdrawn.

4

Stipulation to Amendment of Date for Removal of Wall to be Complete

As stipulated by the parties on March 20, 2007, the remedial order entered by the Court on February 13, 2007, is HEREBY AMENDED to redesignate its paragraph "E" as paragraph "F" and to add the following paragraph "E:"

    E.    Defendant shall remove the retaining wall and complete the remedial work required herein no later than September 1, 2007.

Decision on Penalty Amount

The parties dispute which of the Town's expenses over the period since the August 23, 2001 Notice of Violation in this and in the other docket numbers should be considered[3] in setting the penalty amount.

Avoided costs of removal of the retaining wall

The avoided cost due to Defendant's failure to remove the retaining wall should be calculated as the time value of the money involved in the estimated cost of removal of the retaining wall, including remediation of the soil contours, seeding and mulching. That cost was estimated at trial by the Town's own engineering expert to be $2,500 to $5,000, we will therefore use $3,750 in these calculations. The parties disagree both as to the appropriate time period and as to an appropriate interest rate or calculation method to use in this

---

[3]    As laid out in the February 13, 2007 decision, the monetary penalties provided in the zoning enabling statute, now codified at 24 V.S.A. §4451, are civil and remedial in nature, Town of Hinesburg v. Dunkling, 167 Vt. 514, 524 (1998), so that the Court must link the penalty to the harm caused by or the benefit obtained by the violation. See also State Agency of Natural Res. v. Riendeau, 157 Vt. 615, 622–23 (1991), applying the factors to be considered under 10 V.S.A. §8010(b) to an enforcement case brought under different statutory authority.

calculation. The Court concludes from the sequence of events in this matter that the appropriate time period consists of the period from September 1, 2001 (seven days after the Notice of Violation) through April 6, 2004 (when this enforcement case was placed in inactive status due to the filing of the floodplain redetermination litigation); plus the period from the DRB's April 20, 2006 decision (after the Supreme Court's remand) that the retaining wall was within the surveyed flood plain, to the last memorandum filed in this matter on March 23, 2007; for a total of 1,285 days. As evidence was not presented at trial as to the commercial interest rates in effect during this time period, nor as to an appropriate compounding method to recognize the full time value of that unexpended money, we conclude that it is fairest to apply the statutory interest rate of 12% per year to the average estimated cost of $3,750, which results in an avoided cost of $1,588.60.

We must examine the remainder of the costs of this enforcement litigation in terms of three components, during each of the relevant time periods: engineering fees and costs, legal fees and costs, and town administration costs.

<u>2001 Notice of Violation through June 9, 2003 order:</u>

The parties agree that the component of the penalty amount accounting for the Town's legal fees and costs for obtaining the June 9, 2003 order is $3,268. The Town does not claim any engineering costs during this time period, but has presented some 58½ hours of the Town Administrator's time spent between the issuance of the 2001 Notice of Violation and June 9, 2003. At $32.86[4] per hour, the Town Administrator's costs in that time

---

[4] The Town Administrator testified at trial that in 2006 his hourly salary was $36, and that it was approximately 3% less each year prior to 2006. The Court has used the 2003 calculated rate of pay in the absence of any specific information as to how many hours were expended in each year.

6

period totaled $1,922.31. The engineering fees during this period were $440. The Town's costs leading to the June 2003 order concluding that there was a violation therefore totaled $5,630.31.

### June 9, 2003 order to April 6, 2004 suspension of enforcement litigation

The Town argues that some of its litigation costs after the June 9, 2003 order reflected bills incurred prior to the June 9, 2003 order or in clarifying the June 9, 2003 order, or in litigating matters related to this enforcement action. As we have determined that trial preparation legitimately continued until the April 6, 2004 filing of the floodplain appeal, we will consider these legal fees and costs, exclusive of those related to settlement discussions among the parties, for a total of 8¼ hours or $1,113.75.

### April 6, 2004 through December 13, 2005 Supreme Court remand order

The Town also continues to claim that its litigation costs in Docket No. 64-4-04 Vtec and its appeal to the Supreme Court leading to the December 13, 2005 remand decision of the Supreme Court should be considered in the monetary penalty to be imposed in this enforcement action, arguing that the Supreme Court decision also resolved an issue in favor of the Town: that the existence of the violation could not be contested. However, as quoted on page 2 above, the June 9, 2003 decision and order had clearly established that issue in favor of the Town: that Defendant had failed to appeal the August 23, 2001 Notice of Violation and therefore could not contest the violation. Therefore, as stated in the February 13, 2007 Decision and Order, none of the Town's litigation expenses in the floodplain redetermination case from the filing of its appeal to this Court on April 6, 2004 to the Supreme Court's remand order on December 13, 2005 will be considered in calculating an appropriate penalty amount.

7

After December 13, 2005

This Court's February 2007 decision and order distinguished between that legal issue (of whether Defendant was entitled to a determination of whether the retaining wall was in the actual surveyed floodplain) and the factual or engineering determination of whether the retaining wall was in the actual surveyed floodplain. As explained in that decision, that factual or engineering determination was relevant to the appropriate injunctive relief in this enforcement action; that is, it was relevant to whether all or some part of the retaining wall should have been ordered to be removed. That issue of the appropriate remedy in the enforcement litigation was still being contested between the December 13, 2005 Supreme Court remand order and the August 2, 2006 trial date at which Defendant conceded that the entire retaining wall was in the surveyed floodplain for the purposes of this enforcement action. Therefore we will consider the Town's reasonable engineering costs in making its own engineering determination, in analyzing Defendant's engineering evidence, and in preparing for the DRB hearing and for trial in this Court.

Defendant argues that the engineering fees are excessive and suggests that the floodplain determination could or should have been done by asking the Federal Emergency Management Agency for a Letter of Map Amendment. The parties did not present this evidence at the hearing or by agreement after the hearing; moreover, Defendant has not show why he could not himself have asked FEMA for such a Letter of Map Amendment. 44 C.F.R. §70.3(a). Accordingly, we have no basis to conclude that any of the Town's engineering costs were unnecessary, either to prepare to counter Defendant's experts at the DRB hearing or the Court hearing, to prepare the Town's own floodplain determination, or to enable the DRB to rule on the newest house proposal then pending before it.

Nevertheless, those engineering costs were applied to three then-pending proceedings: 222-12-03 Vtec (and its continuation in the house application that was ultimately granted, superseding it in November of 2006); 64-4-06 Vtec (the floodplain

8

redetermination proceeding); and this enforcement proceeding. That is, to the extent that the engineering costs were necessary, they were necessary to determine the floodplain location for the purpose of ruling on the permit applications for the house, as well as to determine the floodplain location for the purpose of determining the appropriate remedy in the enforcement proceeding. Accordingly, the Court concludes that the fairest allocation of the $18,536.40[5] in engineering costs for this period is to allocate half of them to the enforcement proceeding, resulting in engineering costs for this period of the enforcement proceeding, in the amount of $9,268.20.

The legal fees and costs for this period of time total $7,560, all of which is attributable to the development of the enforcement case and the merits of floodplain determination, as the permit proceedings were not at that time being litigated, but were instead in the municipal application process. The Town Administrator's time spent during this period was 17¾ hours[6] at a rate of $36/hour, for a total of $639.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that a penalty is hereby imposed under 24 V.S.A.§4451 in favor of the Town in the amount of $25,800,[7]

---

[5] The Court has deducted four hours from the eight-hour anticipated trial time as the trial was shorter than anticipated, after Defendant had conceded that almost all of the retaining wall was within the flood hazard district.

[6] The Court has deducted a total of ¾ hour attributed to a discussion of settlement negotiations on March 9, 2006, and attributed to the composition of a letter to the Town Administrator on December 28, 2005.

[7] The total of $1,588.60 in avoided costs; $5,630.31 in legal, engineering and town administrative fees and costs for the period before June 9, 2003; $1,113.75 in legal fees and costs for the period between June 9, 2003 and April 6, 2004; and $17,467.20 in legal, engineering and town administrative fees and costs for the period after December 13, 2005; total equals $25,799.86.

which may be calculated as $20.078 per day for the 1,285 days of violation, concluding this enforcement case.

Dated at Berlin, Vermont, this 4th day of June, 2007.

_____
Merideth Wright
Environmental Judge